# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:18CR00012 |
| | ) | (1:15PO00010) |
| v. | ) | |
| | ) | **OPINION** |
| KAREN A. GARRETT, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

This is an appeal from a magistrate judge's denial of a Motion to Vacate Restitution Award in a petty offense case. I find that the magistrate judge had jurisdiction to set the amount of restitution more than 90 days after entry of judgment, and to later reinstate restitution upon revoking the defendant's probation. I will therefore affirm the magistrate judge's decision.

I.

While driving in a national park, the defendant Karen A. Garrett passed three motorcycles. As she was passing the third motorcycle, she crossed over the center line, hitting and breaking the motorcycle's mirror, damaging the windshield and body of the motorcycle, and causing the motorcycle to veer off the road. The

driver of the motorcycle was uninjured. The defendant left the scene of the accident. A driver of one of the other motorcycles pursued Garrett and tried to flag her down, but she continued to drive at a high speed, weaving back and forth. The driver took photos of the defendant's car as she drove away. She was driving in the middle of the roadway, straddling the yellow lines.

A park ranger and state trooper later located the defendant at home, noticed that her car's mirror was damaged, and asked how the damage had occurred. She told them that she had been driving behind a truck carrying logs and something had fallen off the truck and hit her mirror. She later admitted to the officers that she knew she had hit something but was unsure what she had hit.

On May 4, 2016, the defendant pleaded guilty to the petty offense of hit and run attended property, along with two other related charges. The government and the defendant orally agreed that the defendant would pay restitution. Defense counsel stated on the record that although the parties had not determined an exact amount of restitution, they believed the amount to be approximately $5,000. The government agreed that it would attempt to determine a precise restitution amount and submit evidence of the amount to the court within 90 days.[1]

---

[1] Defense counsel recited the parties' oral agreement as follows:

> It would also be the parties' agreement that she pay restitution. The parties have not determined an exact amount of what the restitution is, although the parties believe that the amount is approximately $5,000. And I

In accordance with the parties' agreement, the magistrate judge imposed a sentence of probation, a fine, and a mandatory assessment and stated that she would impose restitution. The magistrate judge gave the government 90 days to submit evidence of the amount of restitution. The government failed to submit that evidence within 90 days. Instead, it submitted the evidence on February 3, 2017, 273 days after entry of judgment.[2] Based on that evidence, the magistrate judge entered an Amended Judgment on February 7, 2017, ordering restitution in the amount of $5,780.73.

The defendant did not appeal the original Judgment or the Amended Judgment. On March 28, 2018, the Magistrate Judge held a probation violation hearing. At that hearing, the court revoked the defendant's probation and reimposed the original fine, special assessment, and restitution. Defense counsel argued that the court lacked authority to reimpose restitution because it had not initially imposed restitution within 90 days of judgment as required by 18 U.S.C. § 3664(d)(5). The defendant later filed a Motion to Vacate Restitution Award, which the magistrate judge denied.

---

> understand [the Assistant United States Attorney] will make efforts within the next 90 days to determine a precise amount and provide that paperwork to the Court.

Tr. 12, 1:15PO00010, ECF No. 42.

[2] The government submitted its request for restitution on the same day that it received the restitution amount from the insurance company that had paid the victim's claim.

II.

Under Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Orders of restitution are reviewed for abuse of discretion. *United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010).

The parties agree that this case is controlled by *Dolan v. United States*, 560 U.S. 605 (2010), and its progeny, but they differ in their interpretation of *Dolan*. The Supreme Court held in *Dolan* that "[t]he fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." *Id.* at 611. The defendant's argument hinges on the Court's statement that a sentencing court retains the power to order restitution after 90 days "at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Id.* at 608. In this case, the magistrate judge did not expressly leave open the amount of restitution for more than 90 days.

I find the defendant's argument unavailing. The defendant knew at the time of the initial judgment that she would be ordered to pay restitution and that the amount would be determined at a later time. She also knew the approximate amount of restitution. To hold that the magistrate judge lacked the authority to reinstate the restitution order in this case would violate the spirit of *Dolan*.

This decision is in line with the Fourth Circuit's interpretation of *Dolan* in *United States v. Welebir*, 433 F. App'x 177, 181 (4th Cir. 2011) (unpublished). There, the sentencing court ordered restitution 173 days after the sentencing hearing. *Id.* The court of appeals held that the district court had jurisdiction to do so because at the sentencing hearing, it had "specifically ordered that Welebir pay restitution . . . , leaving undecided for more than ninety days only the amount of restitution." *Id.* The instant case presents the same scenario. Therefore, I hold that the magistrate judge did not abuse her discretion in denying the defendant's Motion to Vacate Restitution Award.

### III.

For the foregoing reasons, the order of the magistrate judge will be AFFIRMED.

        DATED: July 3, 2018

        /s/ *James P. Jones*
        United States District Judge